IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Elizabeth Foster, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 2:06-cv-2440-PMD |
| v. ) | |
| ) | **ORDER** |
| BNP Residential Properties Limited ) | |
| Partnership, BNP Residential Properties, ) | |
| Inc., and BNP/Waverly Place, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

On June 1, 2007, Defendants filed a Motion for Summary Judgment, and on June 18, 2007, Plaintiff filed a Motion for Extension of Time to Respond to Defendants' Motion for Summary Judgment and to Amend Scheduling Order. Defendants opposed the Plaintiff's motion, but on July 13, 2007, Magistrate Judge Carr granted Plaintiff's motion and ordered that Plaintiff's Response to the Motion for Summary Judgment be due twenty days after the last deposition was taken. Plaintiff filed her Response in Opposition to Defendants' motion on August 22, 2007, and on August 31, 2007, Magistrate Judge Carr issued a Notice of Hearing on the Motion for Summary Judgment, indicating the hearing would be held on September 13, 2007. Defendants filed their Reply on September 4, 2007.

On September 11, 2007, Plaintiff filed a Motion for Extension of Time to Complete Discovery and for Leave to Take 30(b)(6) Deposition, and Defendants filed a Response in Opposition to that motion on the following day. Then, on September 13, 2007, approximately fifteen minutes before the hearing on the Motion for Summary Judgment was set to begin, Plaintiff's counsel delivered a document entitled "Affidavit of Elizabeth A. Foster" to

1

Defendants' counsel. Defense counsel moved to strike the affidavit, arguing it was not filed within twenty-four hours of a hearing as required. Magistrate Judge Carr agreed with Defense counsel, determining that the affidavit should not be considered. At the hearing, the Magistrate Judge also ruled that the discovery period would not be extended and Plaintiff would not be granted leave to take a Rule 30 deposition of the Defendants. This matter is now before the court on Plaintiff's timely objections to the Magistrate Judge's Order.

## BACKGROUND

Plaintiff filed suit on August 31, 2006, listing three causes of action: (1) gender discrimination in violation of Title VII of the Civil Rights Act of 1964, (2) wrongful and constructive discharge in violation of Title VII, and (3) negligent supervision of employees. The court's scheduling order issued on October 18, 2006, required that discovery be completed by April 16, 2007 and that motions were due by April 30, 2007. (Doc. No. 13.) On April 27, 2007, Magistrate Judge Carr granted a motion for extension of time such that motions for summary judgment were due by June 1, 2007. The Amended Scheduling Order issued that same day indicated that discovery was due June 29, 2007. (*See* Doc. No. 26.) Then, as noted above, Defendants filed a Motion for Summary Judgment on June 1, 2007. On July 13, 2007, Magistrate Judge Carr extended the time for Plaintiff to respond to this motion and allowed her to conduct further discovery. Plaintiff responded on August 22, 2007, and Defendants filed their reply on September 4, 2007.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(A), nondispositive pretrial matters may be referred to a magistrate judge for hearing and determination. Within ten days following a magistrate judge's

order, a party may serve and file objections to the order. Fed. R. Civ. P. 72(a). Upon a party's timely objection, a district judge may reconsider a magistrate judge's non-dispositive ruling "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a), (b).

## **ANALYSIS**

Plaintiff submitted the Affidavit of Elizabeth A. Foster to Defense counsel right before the hearing on the Motion for Summary Judgment began, and when Defendants Moved to Strike that affidavit, Magistrate Judge Carr granted that motion and stated that he would not consider the affidavit in issuing a recommendation on the Motion for Summary Judgment because Plaintiff had not submitted the affidavit the day before the hearing. Plaintiff's first objection is to this ruling, stating,

> One of the critical pieces of information in Plaintiff's affidavit is that she recently remembered a conversation that she had with Defendants' Regional Property Manager, Reta Lane. Essentially, Plaintiff recalled that Ms. Lane had told Plaintiff that she was glad that Plaintiff was doing a good job as a maintenance technician because Mr. Foley had been hesitant to hire Plaintiff in the first place because she was a "girl." The reason she recalled this fact recently is that she sat through the depositions of the Defendants' fact witnesses and has been remembering things about her employment ever since.

(Objections at 5.) Plaintiff asserts this affidavit should be considered because "[i]t goes to the merits of the case, cast[s] doubt upon Mr. Foley's credibility, and any prejudice to Defendants can be cured by their submitting a counter affidavit, if they can, or . . . Mr. Foley could simply testify about Plaintiff's affidavit during his deposition should this court allow Plaintiff to take that deposition." (*Id.*)

Defendants assert the Magistrate Judge properly refused to consider Plaintiff's affidavit, as Plaintiff "provided the Magistrate Judge no justification for her failure to comply with Federal Rule

of Civil Procedure 56(c) when she served the Affidavit only minutes before the Court's hearing." (Resp. at 2.) Defendants argue that while Plaintiff seeks to have the court consider the affidavit, asserting Defendants will suffer no prejudice, lack of prejudice is not the appropriate standard. (Resp. at 3.)

Rule 56(c) states that a Motion for Summary Judgment must be served at least ten days before the time fixed for the hearing, and "[t]he adverse party prior to the day of hearing may serve opposing affidavits." This requirement "reflects the fact that the district court may rule on the summary judgment motion at the hearing or at any time thereafter; submission of affidavits prior to that day is thus essential if the moving party is to be assured the opportunity to respond at a time when response is meaningful." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 911 (1990). In *Vaughn-Walker v. Brown*, 163 F.3d 600 (4th Cir. 1998) (unpublished table decision), the Fourth Circuit considered an appeal from the district court's refusal to admit an affidavit submitted by plaintiff's counsel at the beginning of the hearing on the Motion for Summary Judgment. *Vaughn-Walker*, 163 F.3d 600, at *1. The Fourth Circuit found no error:

> We have stated that Federal Rule of Civil Procedure 56 prescribes specific procedures to be followed in submitting evidence for or against a summary judgment motion. These procedures help assure the fair and prompt disposition of cases. They ensure further that neither side in a dispute can unfairly surprise the other with evidence that the other has not had time to consider. . . . While district courts maintain the discretion to consider a late affidavit, that discretion should generally be used only if cause or excusable neglect has been shown by the party failing to comply with the time provisions.

*Id.* at *3 (internal quotation marks and citations omitted). The Fourth Circuit affirmed the district court's refusal to admit the affidavit because the plaintiff "has not offered an excuse for the delay." *Id.*

The Fourth Circuit cited *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985), with approval in *Orsi*

*v. Kirkwood*, 999 F.2d 86 (4th Cir. 1993). In *Hooks*, the Sixth Circuit determined it was obliged to consider an affidavit not submitted in a timely fashion because (1) an earlier affidavit was sufficient to alert the court to an issue of material fact and (2) counsel offered a "plausible explanation" for its untimeliness. *Hooks*, 771 F.2d at 946. This explanation was that counsel delayed because he was "waiting for all of the various defendants to file their answers and motions," and even though the motion for summary judgment was filed on October 6, supporting affidavits were not filed until October 28, ten days before plaintiff filed her affidavit in opposition *Id*. The Sixth Circuit noted that the plaintiff "would not know what facts she needed to controvert" until the supporting affidavits were filed. *Id*.

If no excuse for the delay is offered, however, the district court need not consider the affidavit. *Orsi*, 999 F.2d at 91-92. Furthermore, in *Orsi*, the Fourth Circuit found the plaintiff's conduct when it "sprung the documents on the defendants and the court without warning on the hearing date" to be "inexcusable," given that the most recent of the documents were dated and available to the plaintiff two weeks prior to the hearing. *Id*. at 91-92.

In the case *sub judice*, Plaintiff's counsel asserts the Magistrate Judge should consider the affidavit because Plaintiff "recently remembered" a conversation with one of Defendants' employees that is relevant to her case. (Objections at 5.) Ms. Foster's affidavit is dated September 13, 2007, and in that affidavit, she indicates that she remembered additional information as a result of having listened to certain witnesses testify at their depositions. (*See* Foster Aff.) Attached to Plaintiff's Objections as Exhibit E is an email from Ms. Walker, a paralegal at the McNair law firm, to Plaintiff's counsel indicating that Plaintiff called on Monday, September 10, 2007, stating that she had woken up in the middle of the night and remembered additional information relevant to her case.

(*See* Objections Ex. E.)  Plaintiff's counsel responded to this email at 4:23 p.m. that afternoon and told Ms. Walker to have Plaintiff send in the additional information as soon as possible.  (*Id.*)

The Magistrate Judge's ruling to exclude this affidavit is related to a nondispositive matter and thus subject to the clearly erroneous or contrary to law standard of review.  *See* Fed. R. Civ. P. 72(a); *see also Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 448 (M.D.N.C. 2005); *Clark v. Milam*, 155 F.R.D. 546, 547 (S.D.W. Va. 1994).  It is without question that the Plaintiff did not file the affidavit the day before the hearing; instead, she brought the affidavit with her to the hearing and sought to have the court consider it.  Plaintiff asserts that she remembered much of the information in the affidavit after she sat in on the depositions of several of Defendants' fact witnesses.  As Plaintiff filed her Response in Opposition on August 22, 2007, the depositions of these individuals had been completed at that time.[1]  However, Plaintiff did not seek to have the court consider this newly remembered information until September 13, 2007.  Given that several weeks passed between the completion of these depositions and the deadline for filing additional affidavits, the court finds the Magistrate Judge's decision to exclude the affidavit was not clearly erroneous or contrary to law.

Plaintiff also objects to the Magistrate Judge's decision not to extend the discovery period and not grant leave to Plaintiff to take a Rule 30 deposition of Defendants.  Plaintiff states,

> As part of their reply to Plaintiff's response to Defendants' motion for summary judgment, Defendants[] submitted a second affidavit from one of the decision makers, Philip Foley, in this employment discrimination case.  Based upon the first affidavit of Mr. Foley, that Defendants used to support their motion in their initial brief, Plaintiff saw no need to take Mr. Foley's deposition; however, due to the nature of the facts alleged in Mr. Foley's second affidavit, Plaintiff believes it necessary to take his deposition as well as a Rule 30 deposition of the Defendants.

---

[1] It appears these depositions were conducted on August 2, 2007.

(Objections at 1.)  Plaintiff states that one of the key issues in this case is whether and when a job vacancy became available for the position of Maintenance Supervisor.  (*Id.*)  Plaintiff asserts that on August 2, 2007, she took the depositions of three of Defendants' current employees and that during the course of the depositions, it became evident Defendants had not produced all the documents they should have produced during discovery.  (*Id.* at 2.)  Plaintiff states that on August 14, 2007, Defendants produced a document showing that there was an opening for the Maintenance Supervisor position as early as June 16, 2005.  (*Id.*)  Plaintiff asserts that because Defendants did not produce this document until after the depositions of the fact witnesses, she did not have the opportunity to ask any of the witnesses about the document.  (*Id.*)  She states, "Therefore, the Plaintiff wants to take the deposition of Defendants' corporate representative to question that person about the document, how the position was filled, which qualification criteria were used, etc., and whether other documents like it exist."  (*Id.*)

Defendants argue the Magistrate Judge properly denied Plaintiff's Motion to Re-Open Discovery.[2]  Defendants assert that Plaintiff already had two prior extensions of discovery: the Magistrate Judge granted an extension on April 27, and at the hearing on July 13, Plaintiff was allowed additional time to complete the depositions she asserted she needed in order to respond to the Motion for Summary Judgment.  Defendants also assert the Magistrate Judge properly denied leave to take Foley's deposition because Plaintiff abandoned the opportunity to depose him three

---

[2]Defendants assert that while Plaintiff referred to her motion as a "Motion to Extend Discovery Period and For Leave to Take 30(b)(6) Deposition," Plaintiff actually filed a Motion to Re-Open Discovery, as she did not file the motion before the discovery deadline.  (Resp. at 5.)

times. (Resp. at 10.)[3] Defendants assert that Plaintiff should not now be allowed to depose Mr. Foley because he was identified as a potential witness on November 21, 2006, when the parties filed joint responses to Local Rule 26.03 interrogatories. The joint responses state that Mr. Foley "is expected to testify about the facts and circumstances of Plaintiff's employment and Defendant BNPLP's decisions to transfer Mr. Keller temporarily and then Mr. Sanders into the maintenance supervisor position." (Doc. No. 17.) Defendants assert the deposition should not be allowed because Plaintiff had already been served with affidavits indicating Mr. Foley was a decision-maker at the time of the July 13 hearing when she stated she only needed to depose three more witnesses: Mr. Bridgmon, Mr. Sanders, and Mr. Keller.

In *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922 (4th Cir. 1995), the district court granted the Plaintiff's motion for summary judgment, and the defendant appealed, arguing, *inter alia*, that the court erred in denying its motion to compel discovery of two witnesses the plaintiff refused to present for deposition. *Lone Star*, 43 F.3d at 928. The Fourth Circuit affirmed the district court, however, concluding that the defendant "had adequate opportunity to complete discovery . . . and failed to depose key witnesses solely due to its inexcusable delay." *Id*. at 929. According to the scheduling order, all discovery was to be completed by July 9, 1993,

---

[3]According to Defendants, Plaintiff did not depose Mr. Foley during the original discovery period, and she abandoned his June 1 deposition when she cancelled it. Defendants also assert she abandoned any deposition of Mr. Foley at the hearing on July 13, when Plaintiff's attorney indicated to the court that she wanted to be able to take the depositions of Mr. Brigmond, Mr. Sanders, and Mr. Keller. (July 13 Hr'g Tr. 12:20-13:5.) At the July 13 hearing, Magistrate Judge Carr expressed some surprise at Plaintiff's choice in who to depose; he stated, "[Y]ou are not taking the depositions, strangely enough, in an employment case of the decision makers." (July 13 Hr'g Tr. 26:16-26:18.) The court notes that Plaintiff indicated that she wanted to take a Rule 30(b)(6) deposition in addition to those three witnesses named if Mr. Brigmond was not the Rule 30(b)(6) witness.

and summary judgment motions were to be filed by June 24, 1993. *Id*. However, the defendant did not serve any written discovery until June 8 and waited until June 27 to conduct its first deposition. *Id*. Although the defendant argued its delay was due to the fact that it retained new counsel, the court rejected that argument as (1) the same law firm represented the defendant throughout the proceeding and (2) switching attorneys is often necessary due to scheduling conflicts. *Id*. The Fourth Circuit stated, "Given [the defendant's] unwarranted delay in beginning its discovery, we conclude that [the defendant] had adequate time to complete discovery before the district court granted summary judgment and that the district court did not abuse its discretion in denying [the defendant's] motion to compel discovery in this case." *Id*.

In the case *sub judice*, Plaintiff was aware in November of 2006 that Mr. Foley was expected to be called as a witness in the case and that he was expected to testify about the Defendant's decisions regarding the placement of certain individuals into the position of maintenance supervisor. Furthermore, an affidavit of Mr. Foley was filed on June 1, 2007, and that affidavit indicated that he was responsible for "the overall maintenance services and functions" for the Defendants, including "employment activities such as hiring, transferring, firing, and promoting employees." (Foley Aff. ¶ 1.) The affidavit also indicated it was the Defendants' policy to try to fill vacancies via transfers and promotions and that to be promoted to maintenance supervisor, an employee had to have certain (specified) qualifications. (Foley Aff. ¶¶ 6, 12.) At the hearing on July 13, after Plaintiff had been served with this affidavit, she indicated she thought discovery would be finished with the depositions of three witnesses. The Motion for Summary Judgment has already been filed, as have the Response and the Reply, and Plaintiff filed the motion for extension of time to complete discovery on September 11, 2007, just two days before the scheduled hearing on the Motion for

Summary Judgment. Given that the discovery deadline had once been extended from April 16, 2007, to June 29, 2007, and that after that extension, Magistrate Judge Carr allowed Plaintiff to depose additional witnesses, the court finds the Magistrate Judge's decision to deny Plaintiff's request to depose Mr. Foley was not clearly erroneous or contrary to law but was instead quite reasonable.

Plaintiff's last objection is to the Magistrate Judge's ruling that she not be allowed to take a Rule 30 deposition of Defendants. Defendants argue this court should not allow the Plaintiff to take a Rule 30(b)(6) deposition for many of the same reasons it should not allow Plaintiff to depose Mr. Foley. According to Defendants, Plaintiff did not depose any witnesses during the first discovery period, which ended April 16, and while Plaintiff scheduled a Rule 30(b)(6) deposition for June 1, 2007, she cancelled it. On June 18, Plaintiff sought additional time to respond to the Motion for Summary Judgment and to complete discovery, and at the July 13 hearing on this motion, the Magistrate Judge allowed Plaintiff to depose three more witnesses. According to Plaintiff, "the court had stated during a hearing on July 18, 2007 that Plaintiff could ask for leave if Plaintiff believed a Rule 30(b)(6) deposition still to be necessary after taking the fact witnesses' depositions." (Objections at 2.) Presumably Plaintiff is referring to the hearing on July 13, 2007, but having reviewed the transcript of the July 13 hearing, the court does not find any indication that the Magistrate Judge stated Plaintiff could later seek leave to take a Rule 30(b)(6) deposition. As noted, however, Plaintiff indicated at this hearing that she sought leave to take a Rule 30(b)(6) deposition, but the court, albeit implicitly, denied that motion, and Plaintiff did not seek review of that ruling to the district court and has thus waived the right to review of this ruling. *See Wertz v. Grubbs*, 45 F.3d 428, at *4 (4th Cir. 1995) (unpublished table decision). However, even if the court were to

10

consider this objection, the court finds it to be without merit. Plaintiff had ample opportunity to conduct a Rule 30(b)(6) deposition and, in fact, had even scheduled such a deposition but cancelled it. Furthermore, Plaintiff did not file the motion at issue until September 11, 2007, a mere two days before the scheduled hearing on the Motion for Summary Judgment. Given that the Magistrate Judge had already once extended the discovery deadline from April 16 to June 29, 2007, the court cannot conclude the Magistrate Judge's ruling disallowing the deposition was clearly erroneous or contrary to law. The court therefore affirms the decision of the Magistrate Judge.

## CONCLUSION

For the foregoing reasons, the court finds the Magistrate Judge's decision was not clearly erroneous or contrary to law. The court therefore **AFFIRMS** the Magistrate Judge's ruling that Plaintiff's Motion for Extension of Time to Complete Discovery be denied.

**AND IT IS SO ORDERED**.

PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**October 30, 2007**

11